UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:                                              Chapter 11

THOMASBORO LANDCO, LLC,                             Case No. 22-bk- 10260-HAC

    Debtor.
_____/

LEGALIST, INC., on behalf of itself and
certain investment fund(s) for which it
serves as investment advisor,

    Plaintiff,
v.                                                  Case No. 24-ap-1038-HAC

THOMASBORO LANDCO, LLC,
THOMASBORO LANDCO II, LLC,
CRITERIA DEVELOPMENT, LLC,
EAST DEVELOPMENT, LLC,
J. MARION UTER,

    Defendants.
_____/

**ORDER GRANTING JOINT MOTION FOR ENTRY OF AN ORDER
(I) APPROVING DEBTOR'S AGREED PAYMENT IN SATISFACTION OF
OUTSTANDING DIP OBLIGATIONS AND SETTLEMENT OF DIP LENDER CLAIMS,
(II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, AND
(III) CLOSING THE BANKRUPTCY CASE**

Upon the joint motion (Doc. No. 173), "**Joint Motion**") of Thomasboro Landco, LLC, the debtor in the above-captioned bankruptcy case (the "**Bankruptcy Case**") and Defendant in the above-captioned Adversary Proceeding ("**Debtor**"), Legalist, Inc., the DIP financing lender in the Bankruptcy Case and Plaintiff in the Adversary Proceeding ("**DIP Lender**"), Criteria Development, LLC, the sole unsecured creditor in the Bankruptcy Case and Defendant in the Adversary Proceeding ("**Criteria Development**"), and J. Marion Uter, the Debtor's sole member and manager and a Defendant in his individual capacity in the Adversary Proceeding ("**Uter**" and,

1

together with Debtor and Criteria Development, the "**Defendants**"; the Defendants and DIP Lender, collectively, the "**Movants**"), for entry of an order (1) authorizing and approving as a compromise and settlement on behalf of Debtor and the bankruptcy estate in this Bankruptcy Case, Debtor's payment of $45,356,167.19 to DIP Lender in full and final satisfaction and settlement of all outstanding super-priority administrative expense DIP Claims,[1] DIP Obligations and all causes of action asserted by DIP Lender in the Adversary Proceeding or otherwise against Defendants, as well as the mutual releases contained herein by and among all Movants, (2) dismissing the Adversary Proceeding with prejudice; and (3) closing the Bankruptcy Case; and it appearing that due and proper notice of the Joint Motion was given, and that no other or further notice is required; and after being duly advised of the premises, considering the facts and arguments set forth in the Joint Motion, all responses thereto (if any); and upon the record of all conferences, hearings, docket entries and other proceedings in the Bankruptcy Case and Adversary Proceeding; and after due deliberation and sufficient cause appearing therefore:

**THE COURT HEREBY FINDS AND CONCLUDES:**

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

B. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408, 1409.

D. The Court has the power to enter the relief requested by the Joint Motion pursuant to §§105(a), 362, 363, 350(a) and 1142 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3020(d), 3021, 3022, 4001, 6004, 7062 and 9019 of the Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rules**").

---

[1] Capitalized terms used but not defined herein have the meanings given in the Joint Motion.

E. The Court has the reviewed and considered the Joint Motion and the agreed terms and conditions set forth therein and herein for the settlement and compromise of all outstanding super-priority administrative expense DIP Claims and DIP Obligations owing by Debtor to DIP Lender and all causes of action asserted by DIP Lender against Defendants in the Adversary Proceeding or otherwise, and finds and concludes that they are fair, reasonable, and in the best interests of the Debtor, the Debtor's estate, and its constituents, and that good cause exists to approve such settlement and compromise.

F. Effectuation of this settlement and compromise will resolve all outstanding issues in the Adversary Proceeding, that such proceeding should be dismissed with prejudice, and that all parties to such proceeding consent to such relief.

G. Only two creditors of the estate remain unpaid under the Plan, including the unpaid DIP Claims and DIP Obligations owing to DIP Lender and the allowed unsecured claim held by Criteria Development.

H. In exchange for receipt of the payment of $45,356,167.19 (the "**Payoff Amount**"), as long as the entirety of such Payoff amount is received by DIP Lender on or before September 30, 2025 or such later date that DIP Lender in its sole discretion may agree, DIP Lender agrees that all of its outstanding DIP Claims and DIP Obligations owing from Debtor shall be deemed fully and finally satisfied and that all liens, security interests, mortgages and/or other encumbrances securing such DIP Claims and DIP Obligations shall be deemed automatically released upon receipt of such payment.

I. Accordingly, as a result of this settlement and compromise, the estate in this Bankruptcy Case has been fully administered, and upon the Joint Motion of the parties hereto

(including with the consent of Criteria Development), the Bankruptcy Case can and should be closed and a final decree entered.

**IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is GRANTED as set forth herein.

2. Debtor is hereby authorized to pay (or caused to be paid) the Payoff Amount to DIP Lender in immediately available funds from the proceeds of the pending refinancing described in the Joint Motion. Such payment shall be made on or before September 30, 2025, unless DIP Lender, in its sole discretion, agrees to accept such payment at a later date. For the avoidance of doubt, DIP Lender is under no obligation to accept such payment on or after October 1, 2025 and may impose additional conditions not inconsistent with this Order on its agreement to do so (including, without limitation, an increased payoff amount up to, but not more than, the total amount of DIP Obligations outstanding under the DIP Loan Documents). Upon the DIP Lender's receipt of the entirety of the Payoff Amount in immediately available funds, all of its outstanding DIP Claims and DIP Obligations owing from Debtor shall be deemed fully and finally satisfied and all liens, security interests, mortgages and/or other encumbrances securing such DIP Claims and DIP Obligations shall be deemed automatically released.

3. Such payment on the terms and conditions set forth herein, made by or on behalf of Debtor and the estate in the Bankruptcy Case, and on behalf of all Defendants in the Adversary Proceeding, is reasonable, reflects the Debtor's exercise of prudent business judgment, is consistent with and constitutes a distribution under the Plan and settlement payment in compromise of the claims asserted by DIP Lender in the Adversary Proceeding, and is hereby approved to the extent required under Sections 362(d), 363(b) and 1142 of the Bankruptcy Code and Bankruptcy Rules 3021, 4001, 6004 and 9019.

4. Such payment and all other terms and conditions set forth herein (including the mutual releases in Paragraphs 4 and 5 hereof) have been consented to and represent agreements and compromises by and among the Movants, are fair and reasonable, are supported by reasonably equivalent value and fair consideration, and should be and hereby are approved.

5. EFFECTIVE IMMEDIATELY UPON ENTRY OF THIS ORDER, DEBTOR, CRITERIA DEVELOPMENT, AND UTER, JOINTLY AND SEVERALLY, RELEASE, ACQUIT, AND FOREVER DISCHARGE DIP LENDER AND ANY SUBSIDIARIES, AFFILIATES, PARTICIPANTS, OFFICERS, DIRECTORS, AGENTS, EMPLOYEES, SERVANTS, ATTORNEYS, AND REPRESENTATIVES, AS WELL AS THE RESPECTIVE HEIRS, PERSONAL REPRESENTATIVES, SUCCESSORS, AND ASSIGNS OF ANY AND ALL OF THEM (HEREAFTER COLLECTIVELY CALLED THE "**RELEASED LENDER PARTIES**") FROM ANY AND ALL CLAIMS, DEMANDS, DEBTS, ACTIONS, CAUSES OF ACTION, SUITS, CONTRACTS, AGREEMENTS, OBLIGATIONS, ACCOUNTS, DEFENSES, OFFSETS, AND LIABILITIES OF ANY KIND OR CHARACTER WHATSOEVER, KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, IN CONTRACT OR IN TORT, AT LAW OR IN EQUITY, INCLUDING WITHOUT IMPLIED LIMITATION, SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, USURY, AND THE EQUAL CREDIT OPPORTUNITY ACT, WHICH DEBTOR, CRITERIA DEVELOPMENT, AND UTER EVER HAD, NOW HAVE, OR MIGHT HEREAFTER HAVE AGAINST THE RELEASED LENDER PARTIES, JOINTLY OR SEVERALLY, FOR OR BY REASON OF ANY MATTER, CAUSE, OR THING WHATSOEVER, INCLUDING, WITHOUT LIMITATION, RELATING OR RELATED TO, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, THE DIP CREDIT AGREEMENT, THE DIP FACILITY,

AND/OR THE DIP OBLIGATIONS. IN ADDITION, DEBTOR, CRITERIA DEVELOPMENT, AND UTER, JOINTLY AND SEVERALLY, AGREE NOT TO COMMENCE, JOIN IN, PROSECUTE, OR PARTICIPATE IN ANY SUIT OR OTHER PROCEEDING IN A POSITION THAT IS ADVERSE TO ANY OF THE RELEASED LENDER PARTIES ARISING DIRECTLY OR INDIRECTLY FROM ANY OF THE FOREGOING MATTERS.

6. EFFECTIVE IMMEDIATELY UPON DIP LENDER'S RECEIPT OF PAYMENT IN FULL IN ACCORDANCE WITH PARAGRAPH 2 OF THIS ORDER IN IMMEDIATELY AVAILABLE FUNDS, DIP LENDER, ACQUITS, AND FOREVER DISCHARGES DEBTOR, CRITERIA DEVELOPMENT, AND UTER AND ANY SUBSIDIARIES, AFFILIATES, PARTICIPANTS, OFFICERS, DIRECTORS, AGENTS, EMPLOYEES, SERVANTS, ATTORNEYS, AND REPRESENTATIVES, AS WELL AS THE RESPECTIVE HEIRS, PERSONAL REPRESENTATIVES, SUCCESSORS, AND ASSIGNS OF ANY AND ALL OF THEM (HEREAFTER COLLECTIVELY CALLED THE "**RELEASED DEBTOR PARTIES**") FROM ANY AND ALL CLAIMS, DEMANDS, DEBTS, ACTIONS, CAUSES OF ACTION, SUITS, CONTRACTS, AGREEMENTS, OBLIGATIONS, ACCOUNTS, DEFENSES, OFFSETS, AND LIABILITIES OF ANY KIND OR CHARACTER WHATSOEVER, KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, IN CONTRACT OR IN TORT, AT LAW OR IN EQUITY, INCLUDING WITHOUT IMPLIED LIMITATION, SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, USURY, AND THE EQUAL CREDIT OPPORTUNITY ACT, WHICH DIP LENDER EVER HAD, NOW HAS, OR MIGHT HEREAFTER HAVE AGAINST THE RELEASED DEBTOR PARTIES, JOINTLY OR SEVERALLY, FOR OR BY REASON OF ANY MATTER, CAUSE, OR THING WHATSOEVER, INCLUDING, WITHOUT LIMITATION, RELATING OR RELATED TO, IN

WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, THE DIP CREDIT AGREEMENT, THE DIP FACILITY, THE LAND, AND/OR THE DIP OBLIGATIONS. IN ADDITION, DIP LENDER AGREES NOT TO COMMENCE, JOIN IN, PROSECUTE, OR PARTICIPATE IN ANY SUIT OR OTHER PROCEEDING IN A POSITION THAT IS ADVERSE TO ANY OF THE RELEASED DEBTOR PARTIES ARISING DIRECTLY OR INDIRECTLY FROM ANY OF THE FOREGOING MATTERS.

7. The Adversary Proceeding is hereby dismissed with prejudice.

8. The Bankruptcy Case is hereby closed, the Bankruptcy Administrator is hereby discharged, and a final decree shall be entered forthwith in accordance with Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

9. Immediately upon entry of this Order by this Court, the terms and provisions of this Order shall become valid and binding upon and inure to the benefit of the Debtor, the DIP Lender, the parties to the Adversary Proceeding and all other creditors, members, interest holders or affiliates (as defined in section 101(2) of the Bankruptcy Code) of any of the Debtor, Criteria Development, Uter, and all other parties-in-interest and their respective successors and assigns.

10. The Debtor is authorized to take any and all such actions and to make, execute and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Order and the transactions contemplated hereby.

11. This Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable immediately upon entry thereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules, and any applicable Local Bankruptcy Rules, or rule 62(a) of the Federal Rules

of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and enforcement of this or any failure to comply with this Order.

Dated: September 30, 2025

_____
HENRY A. CALLAWAY
U.S. BANKRUPTCY JUDGE

Order prepared and submitted by:

Jeremy C. Hollembeak
Baird Holm LLP
1700 Farnam Street, Ste 1500
Omaha, NE 68102
402.636.8317
jhollembeak@bairdholm.com

-and-

Mark P. Williams
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
(205) 328-6643
mpwilliams@nwkt.com

*Counsel for DIP Lender Legalist, Inc.*

<u>Order reviewed and consented to by</u>:

Edward J. Peterson (FBN 14612)
Berger Singerman LLP
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL  33602
Telephone: (813) 498-3400
Email: epeterson@bergersingerman.com

*Counsel for Defendants Thomasboro Landco, LLC and J. Marion Uter*

-and-

Jason R. Watkins
Silver Voit Garrett & Watkins, P.C.
4317 A Midmost Dr.
Mobile, AL 36609
Telephone: (251) 338-1096
Email: jwatkins@silvervoit.com

*Counsel for Defendant Criteria Development, LLC*


-and-

Mark S. Zimlich
U.S. Bankruptcy Administrator
113 St. Joseph Street, Room 520
Mobile, Alabama 36602
(251) 690-2058
mark_zimlich@alsba.usourts.gov

*Counsel for Bankruptcy Administrator*